José Tous Soto, Plaintiff and Appellee, *v.* Ana María Manescau, Defendant and Appellant.

No. 6264.   Argued February 6, 1933.—Decided February 17, 1933.

*R. Atiles Morcu* for appellant.   *Tous Soto & Zapater* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is a motion to dismiss an appeal principally on the the ground that it is frivolous.   There was a trial in this case and the defendant-appellant obtained various extensions to prepare the transcript of evidence.   This was finally transmitted to the court and the record shows that the court approved a transcript of evidence.   The appellee has presented to us an alleged copy of the transcript of the evidence, and certifies that it is the same copy that was presented to the district court for approval and approved by it.   An examination of the pleadings and the evidence transcribed in the stenographer's notes convinces us that the appeal is in fact frivolous.   The transcript thus certified shows that the plaintiff signed a promissory note as surety for the defendant. While it is true that the plaintiff and the defendant signed a promissory note as principal payers, the record leaves us no doubt that the note was signed for the benefit of the defendant.   It makes no difference that she did not expressly promise to reimburse the plaintiff.   Various amounts were paid by the defendant, and the debt became reduced to $520. For this amount a new note was signed by the plaintiff and the defendant.   This note the plaintiff himself paid.

Given the fact that the defendant was primarily responsible, it makes no difference, so far as the bank was concerned, that defendant and plaintiff were jointly and severally (*solidariamente*) responsible.   The obligation of the defendant to

the plaintiff remained a fact for any and every amount paid by the plaintiff. Similarly it makes no difference whether the bank did or did not make a demand on José Tous Soto for the payment of the note of $520. Nor would it affect the responsibility of the defendant that José Tous Soto took up the note for $520 signed by both parties and issued his individual note to the bank. Incidentally it may be noted that the complaint set up that both plaintiff and defendant signed the note and this averment was not denied by the answer. The defendant said in her answer that if the plaintiff signed the note it was as a principal debtor.

Under these circumstances, we think it sufficiently appears that the appeal is frivolous, and should be dismissed.